## FANNIE M. HOLLAND v. LEWIS S. CHESTER.

### Decided February 26, 1900.

Where a justice of the peace, after hearing a cause, takes time to consider the cause, a proper adjournment or at least notice to the parties of the time when judgment would be rendered, is necessary to preserve his jurisdiction.

On *certiorari.*

For the prosecutor, *Albert A. Howell.*

PER CURIAM.

In a suit by Chester against Holland, commenced by attachment issued by a justice of the peace, both parties appeared at the trial on May 26th, and after all the evidence was in the justice took time to consider the case, but did not adjourn the matter to any fixed time. Subsequently, on June 22d, he rendered judgment for the plaintiff in the absence of the defendant, without giving the defendant any notice of the time when judgment would be rendered.

This was illegal, a proper adjournment, or at least notice to the parties, being necessary to preserve the jurisdiction of the justice. *Clark* v. *Read*, 2 *South.* *486; *Pierson* v. *Pierson*, 2 *Halst.* 125; *Semple* v. *Presbyterian Church*, 3 *Id.* 60; *Edwards* v. *Hance*, 7 *Id.* 108; *Allen* v. *Board of Health*, 17 *Vroom* 99.

Let the judgment be reversed, but without costs.